IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| HALEY LANGERT, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No.: 20-cv-00944 |
| | ) |
| GEORGE MASON UNIVERSITY, *et al.* | ) |
| | ) |
| *Defendants*. | ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS

This lawsuit is one of many putative class action lawsuits filed against universities across the country seeking refunds of tuition and fees because of the universities' decisions to move to virtual classes in the Spring 2020 semester as a result of COVID-19. Here, however, Plaintiff is not asserting state law contract or unjust enrichment class action claims. Nor could she because such claims would be bared in federal court under the Eleventh Amendment and could not be heard in Virginia state court because Virginia does not recognize class actions. Instead, Plaintiff attempts an end-run-around sovereign immunity, Eleventh Amendment immunity, and Virginia's prohibition on class actions by making the unprecedented argument that George Mason University ("Mason") engaged in a constitutional taking under the Fifth Amendment when it kept tuition and fees already paid to it by Plaintiff. While creative, this attempt fails because the state ***keeping*** money already given to it and in its possession, is not a ***taking***. The complaint fails

to identify any property in the possession of Plaintiff that Mason took.  Plaintiff only alleges that Mason has not refunded money.  Plaintiff's claim that a failure to give a refund constitutes a constitutional taking is contrary to common sense, not to mention the law.

At this stage, however, the Court need not address Plaintiff's taking clause theory because the complaint fails to meet the basic requirements for a claim under 42 U.S.C. § 1983.  Claims under § 1983 cannot be brought against state entities or state officials in their official capacity; they can only be brought against state officials acting in their individual capacities.  Despite this black letter law, the only claims in the complaint arise under § 1983 and the only defendants are Mason, a state entity, and the members of Mason's Board of Visitors in their official capacity.  This Court must, therefore, dismiss the complaint.

## FACTUAL BACKGROUND

Defendants have only included the facts necessary to resolve this motion.  George Mason University[1] is a public, state university of the Commonwealth of Virginia.  Compl. ¶ 11.  The other defendants named in the complaint in their official capacity are members of Mason's Board of Visitors.  Compl. ¶ 12.  The complaint names no state officials in their individual capacity.

## STANDARD OF REVIEW

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

## ARGUMENT

The only claims asserted in the complaint are two claims under 42 U.S.C. § 1983 against Mason and members of Mason's Board of Visitors in their official capacity.  Mason is "a state-supported university" and an "arm of the Commonwealth of Virginia."  *Adkins v. Rector &*

---

[1] Pursuant to Virginia Code § 23.1-1500(A) George Mason University operates under the corporate name "The Rector & Visitors of George Mason University."

*Visitors of George Mason University*, No. 15cv879, 2015 U.S. Dist. LEXIS 128150, at *3-4 (E.D. Va. Sept. 23, 2105); *see also* Compl. ¶ 11 (Mason is a "public university.").

This Court must dismiss Plaintiff's claims because a § 1983 claim cannot be brought against a state entity or state officials acting in their official capacity.  Section 1983 provides a cause of action against a "person" who subjects another person to a "deprivation of any rights, privileges or immunities secured by the Constitution and laws" while acting under color of law.  The Supreme Court has long held that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983," and, therefore, they cannot be the subject of a § 1983 claim.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Yet despite this black letter law, the sole claims asserted in the complaint are § 1983 claims asserted against a state entity and state officials acting in their official capacity.  As this court has held, as a state entity, Mason "cannot be sued under section 1983." *Adkins*, 2015 U.S. Dist. LEXIS 128150, at *4.  The complaint must therefore be dismissed.

Relatedly, this Court must also dismiss the complaint because it "is well settled that the Eleventh Amendment bars a suit by private parties to recover monetary damages from the state or its alter egos acting in their official capacities."  *Huang v. Bd. of Govs. of Univ. of N.C.*, 902 F.2d 1134, 1138 (4th Cir. 1990).  This bar includes claims asserted under § 1983.  *Id.*  Mason is a "state-supported university that is entitled to the same sovereign immunity as the Commonwealth of Virginia" and an "arm of the Commonwealth of Virginia." *Adkins*, 2015 U.S. Dist. LEXIS 128150, at *3-4.  Eleventh Amendment immunity "applies to state agencies that may be properly characterized as 'arms of the State,'" "as well as to state employees acting in their official capacity." *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996).  As such, this suit is also barred by the Eleventh Amendment.

3

## CONCLUSION

For the reasons stated above, the complaint must be dismissed.

September 29, 2020                                        RESPECTFULLY SUBMITTED

                                                                                                  _____/s/_____

Eli S. Schlam, Asst. Atty. Gen.
Virginia Bar Number 92987
George Mason University
4400 University Drive,
MS 2A3
Fairfax, VA 22030
Phone: (703) 993-2619
Fax: (703) 993-2340
eschlam@gmu.edu

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September 2020, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record in this case.

_____/s/_____
Eli S. Schlam, Asst. Atty. Gen.
Virginia Bar Number 92987
George Mason University
4400 University Drive,
MS 2A3
Fairfax, VA 22030
Phone: (703) 993-2619
Fax: (703) 993-2340
eschlam@gmu.edu